UNITED STATES of America, Plaintiff—Appellee,

v.

Rodolfo SANCHEZ–MENDOZA, Defendant—Appellant.

No. 01–30363.

D.C. No. CR–01–06008–FLVS.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2002 *.

Decided May 10, 2002.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

MEMORANDUM **

Rodolfo Sanchez–Mendoza pleaded guilty to being an alien in the United States after deportation, 8 U.S.C. § 1326. He challenges his sentence, arguing that the district court should have departed downward based on "cultural assimilation" and that his attorney was ineffective for not conducting more investigation prior to sentencing and for waiving the presentence report. We reject these arguments and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, the Government's motion to submit without argument is granted.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## DISCUSSION

### 1. *Downward Departure*

A court may depart downward based on findings of "cultural assimilation." *See United States v. Lipman,* 133 F.3d 726, 730–31 (9th Cir.1998). The record here does not support, however, Sanchez–Mendoza's claim that he requested such a departure. There is no mention of departure or cultural assimilation in the sentencing proceedings. Moreover, we note that the plea agreement prohibits Sanchez–Mendoza from requesting a downward departure and that his attorney expressly agreed with the Government's sentencing recommendation. Given these circumstances, we conclude that Sanchez–Mendoza waived his right to seek a downward departure by failing to present the issue to the district court. *See United States v. Quesada,* 972 F.2d 281, 283–84 (9th Cir.1992).

### 2. *Ineffective Assistance of Counsel*

Although claims of ineffective representation are not ordinarily reached on direct appeal, we do so in this case because "the record is sufficiently developed to permit review and determination of the issue." *See United States v. Jimenez Recio,* 258 F.3d 1069, 1074 (9th Cir.2001) (internal quotation omitted). The record demonstrates that counsel's representation was not ineffective. Sanchez–Mendoza's attorney investigated the possibility of a making a claim of derivative citizenship and concluded that it would not be successful. Sanchez–Mendoza stated to the court that he understood, that he agreed with that conclusion, and that no additional investigation was necessary.

We also reject Sanchez–Mendoza's argument that his attorney was ineffective for advising him to waive preparation of the presentence report. First, only the court has the authority to waive preparation of a presentence report. *See* U.S.S.G. § 6A1.1 (policy statement). Second, the record indicates that the court elected to proceed without. the report because Sanchez–Mendoza sought immediate sentencing in order to receive a reduced sentence for conceding deportability, a benefit that would have expired before a presentence report could be prepared. His attorney's decision to pursue this reduction constitutes a "tactical decision [that] cannot form the basis for a claim of ineffective assistance of counsel." *See Wildman v. Johnson,* 261 F.3d 832, 839 (9th Cir.2001).

AFFIRMED.